IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:17-CV-46-D

| | |
|---|---|
| SHARRON HUNTER-RAINEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA STATE )<br>UNIVERSITY, )<br>)<br>    Defendant. ) | **CONSENT CONFIDENTIALITY<br>AND PROTECTIVE ORDER** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to materials so entitled, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), and with the consent of the parties, hereby ORDERED as follows:

    1.    <u>Nondisclosure of Confidential Information in Discovery Responses.</u>  Except with the prior written consent of the party or other person originally designating information or a document as confidential, or as hereinafter provided under this Order, no Confidential Information obtained through discovery may be disclosed to any person.

"Confidential Information" means any information or document designated in writing by a party as "Confidential," or which bears the legend or is noted as "Confidential" to signify that it contains information believed to be subject to protection under N.C. Gen. Stat. § 126-22 *et seq*. and Federal Rule of Civil Procedure 26(c). For purposes of this Order, the term "document" means all written, stored, recorded, or graphic material, whether produced or created by a party

or another person, whether produced pursuant to Federal Rule of Civil Procedure 34 ("Rule 34"), subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for production of documents, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that "summarize" and/or that contain materials entitled to protection may be accorded "confidential" status, but, to the extent feasible, shall be prepared in such a manner that the confidential information is segregated from that not entitled to protection.

2. <u>Permissible Disclosures</u>. Notwithstanding paragraph 1 herein, Confidential Information may be disclosed to any party to this action; to counsel for the parties; to the partners, associates, secretaries, paralegals, assistants, and employees of such attorney to the extent reasonably necessary to render professional services to the party; and to court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions). Subject to the provisions of this paragraph, such Confidential Information may also be disclosed:

    A. To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    B. To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

    C. To employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

D. To expert witnesses retained by the parties to testify at trial, to the extent reasonably necessary to prepare for trial, expert reports or depositions; and

E. To employees of third-party contractors performing one or more of these functions.

Prior to any disclosure to any person described in 2A–E above, the individual to whom disclosure is to be made must have signed a form containing the following, such form to be retained by counsel:

- i. A recital that the signatory has read and understands this Order;
- ii. A recital that the signatory understands that unauthorized disclosures of the Confidential Information constitute Contempt of Court; and
- iii. A statement that the signatory consents to the exercise of personal jurisdiction over the signatory by this Court.

Before disclosing Confidential Information to any person or entity not listed or described above, a party who wishes to make such disclosure shall either (1) obtain the written consent of the party or person who designated the information as confidential to disclose the information to the individual; or (2) move the Court for permission to do so on such terms and conditions as the Court may order.

3. <u>Declassification</u>. A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document or information (or a category of documents or information) designated as confidential is not entitled to such status or protection. The party or other person that designated the document or information as confidential shall be given notice of the application and an opportunity to respond. To maintain

confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4. Confidential Information in Depositions.

A. A deponent may, during the deposition, be shown and be examined about confidential documents if the deponent already knows of the Confidential Information contained therein, or if the provisions of paragraph 2 are complied with. In the event a deponent noticed for a deposition fails or refuses to sign the form prescribed in paragraph 2, the party noticing the deposition shall apply to the Court for an Order making the provisions of this Order binding on the deponent. Deponent shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially Confidential Information.

B. Parties (and deponents) may, within fifteen (15) days after receiving the transcript of a deposition taken after the entry of this Order, designate pages of the transcript (and exhibits thereto) as confidential. Confidential Information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential – Subject to Protection Pursuant to Court Order;" and serving copies of the marked pages on counsel for all other parties. Entire transcripts may be so designated by giving notice of such designation in writing to counsel for all other parties. Until expiration of the fifteen-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits

will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

        C.     The parties (and deponents) may, within fifteen (15) days of the entry by the Court of this Order, designate pages of depositions, deposition exhibits and/or entire depositions previously taken in this action as confidential by following the procedure set forth in paragraph 4b above. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5.    <u>Subpoena by Other Courts or Agencies</u>.    If another court or an administrative agency subpoenas or orders production of Confidential Information which a party or other person has obtained under the terms of this Order, such party or person shall promptly notify the party or other person who designated the information as confidential of the pendency of such subpoena or order. Such notification shall take place as soon as practicable and in advance of the date on which the Confidential Information is sought, and in sufficient time for the designating party to object to or move to quash the subpoena or order.

6.    <u>Use.</u>  Persons obtaining access to Confidential Information under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative or judicial proceedings. The parties are prohibited from any use of information protected under this order which is calculated to interfere with, disrupt or undermine the business or financial arrangements or plans of the disclosing party.

7. <u>Non-Termination.</u> The provisions of this Order shall not terminate at the conclusion of this action. Within one hundred-twenty (120) days after the final conclusion of all aspects of this litigation, including any and all possible appeals, Confidential Information and all copies of same (other than exhibits of record and documents required by law to be retained by a party or person) shall be returned to the party or person which produced such information or, at the option of the producing party or person (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the Confidential Information no more than one hundred-twenty (120) days after the final conclusion of this litigation.

8. <u>Modification Permitted.</u> Nothing in this Order shall prevent any party or other person from seeking modification of this Order, contesting the designation of information or documents as confidential, or from objecting to discovery that it believes to be otherwise improper.

9. <u>Responsibility of Parties.</u> The attorneys of record and parties are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate any confidential documents except working copies and for filing in Court under seal.

10. <u>Waiver.</u>

A. Review of Confidential Information by counsel, experts, or consultants for the parties in this litigation shall not waive the confidentiality of information and documents or objections to production.

B.      The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances be deemed as waiver, in whole or in part, of any party's claims of confidentiality.

11.     <u>Reservation of Rights.</u> Nothing contained in this Confidentiality and Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged authenticity, relevancy, admissibility, or discoverability of the Confidential Information sought.

CONSENTED TO BY:

| THE LEMONS LAW FIRM, PLLC | JOSH STEIN |
|---|---|
| | Attorney General |
| /s/ Carena Brantley Lemons | /s/ Laura H. McHenry |
| Carena Brantley Lemons | Laura H. McHenry |
| The Lemons Law Firm, PLLC | Assistant Attorney General |
| 1921 North Pointe Drive, | N.C. Department of Justice |
| Suite 201 | P.O. Box 629 |
| Durham, North Carolina 27705 | Raleigh, NC 27602 |
| Phone: 919.688.7799 | P: 919.716.6532 |
| Fax: 866.302.5417 | F: 919.716.6764 |
| Email: Carena@thelemonslawfirm.com | E: lmchenry@ncdoj.gov |
| N.C. State Bar # 28249 | N.C. State Bar # 45005 |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |

**********************

### COURT'S APPROVAL AND MODIFICATION

The court hereby GRANTS the parties' joint motion for a protective order [DE #19], and APPROVES and ADOPTS the terms of the parties' proposed Consent Protective Order subject to the following modification:

The provisions of Local Civil Rule 79.2, E.D.N.C., and Section V.G.1 (formerly Section T) of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents. Prior to filing with the court any information deemed confidential, counsel for the filing party shall confer with counsel for the party that produced the confidential information about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, with notice served upon the producing party. Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the court a motion to seal and supporting memorandum of law specifying (i) the exact document or item, or portions thereof, for which filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion. *See* ECF Admin. Policies & Proc. Manual § V.G.1, E.D.N.C. (Rev. Mar. 2017).

SO ORDERED, this 8th day of May 2017.

*/s/ Kimberly A. Swank*  
KIMBERLY A. SWANK  
United States Magistrate Judge